JS 44 (Rev. 06/17)   NIQA   **CIVIL COVER SHEET**   19-cv-2639

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
OREOLUWAPO ABATAN

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Richard N Lipow
LipowLaw Office
629A Swedesford Road, Malvern PA 19355; 610-251-2500

## DEFENDANTS
GORDIN AND BERGER, PC, EDWARD L BERGER

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / PERSONAL PROPERTY | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / Habeas Corpus: | ☐ 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / Other: ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC SECTON 1692 ET SEQ.
Brief description of cause:
Fair Debt Collection Practice Act claim, that is, illegal debt collection

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 6/18/19   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

JUN 17 2019

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Oreoluwapo Abatan

PLAINTIFF

VS.                                                      Civil Action   19-2639

**GORDIN AND BERGER, PC**
**EDWARD L BERGER**
Defendant

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.

| 6/14/19 | | 32399 | JUN 17 2019 |
|---|---|---|---|
| Date | Attorney-at-law | | Attorney for |
| 610 251 2500 | 610 889 9564 | richard@lipowlaw.com | |
| Telephone | FAX Number | E-Mail Address | |

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NIQA

19-2639

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1531 Franklin Street Ann Arbor, MI 48103__

Address of Defendant: __1760 MARKET ST, STE 608, PHILADELPHIA PA 19103__

Place of Accident, Incident or Transaction: __PHILADELPHIA COUNTY PA__

---

**RELATED CASE, IF ANY:**

Case Number _____ Judge _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: __06/19/2019__      _____      __32399__
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2  FELA
☐ 3  Jones Act-Personal Injury
☐ 4  Antitrust
☐ 5  Patent
☐ 6  Labor-Management Relations
☐ 7  Civil Rights
☐ 8  Habeas Corpus
☐ 9  Securities Act(s) Cases
☐ 10 Social Security Review Cases
☑ 11 All other Federal Question Cases
     *(Please specify)* __Fair DEBT COLLECTION ACT__

**B.** *Diversity Jurisdiction Cases:*

☐ 1  Insurance Contract and Other Contracts
☐ 2  Airplane Personal Injury
☐ 3  Assault, Defamation
☐ 4  Marine Personal Injury
☐ 5  Motor Vehicle Personal Injury
☐ 6  Other Personal Injury *(Please specify)* _____
☐ 7  Products Liability
☐ 8  Products Liability – Asbestos
☐ 9  All other Diversity Cases
     *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

JUN 17 2019

DATE _____   _____   _____
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OREOLUWAPO ABATAN | ) |
| | ) |
| | ) CLASS ACTION COMPLAINT |
| | ) |
| | ) 1C-2639 |
| | ) |
| INDIVIDUALLY | ) |
| AND ON BEHALF OF ALL OTHERS | ) JURY TRIAL DEMANDED |
| SIMILARLY SITUATED | ) |
| | ) |
| PLAINTIFF | ) |
| vs. | ) |
| | ) FILED |
| GORDIN & BERGER PC | ) |
| A PROFESSIONAL CORPORATION | ) JUN 17 2019 |
| 1760 MARKET STREET STE 600 | ) |
| PHILADELPHIA PA 19103 | ) By KATE ....MAN, Clerk |
| and | ) Dep. Clerk |
| | ) |
| EDWARD L. BERGER, ESQUIRE | ) |
| 1760 MARKET STREET STE 600 | ) |
| PHILADELPHIA PA 19103 | ) |
| | ) |
| DEFENDANTS | ) |

## CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a class action brought pursuant to the *Fair Debt Collection Practices Act of 1978*, 15 U.S.C. §1692 *et seq.*, the Pennsylvania *Fair Credit Extension Uniformity Act*, 73 P.S. § 2270 *et seq.*, the Pennsylvania *Unfair Trade Practices and Consumer Protection Law*, 73 P.S. § 201 *et seq.* by Oreoluwapo Abatan individually and on behalf of all other similarly situated debtors whose rights were violated by the Defendants. Plaintiff are seeking declaratory and injunctive



relief as well as damages against the Defendants for their improperly assessing, billing and collecting tuition, fees, interest, charges and attorney fees.

## PARTIES

2. Plaintiff Oreoluwapo Abatan ("Abatan") resides at 1531 Franklin Street, Ann Arbor, Michigan 48103.

3. Defendants are Gordin & Berger ("GB"), a Pennsylvania Professional Corporation and Edward L. Berger, Esquire ("Berger") all with offices located at 1760 Market Street, Philadelphia, Philadelphia County, Pennsylvania.

4. Defendant Berger is an attorney licensed to practice law in the Commonwealth of Pennsylvania and is employed by Defendant GB.

5. The Defendants have been retained by Rutgers University and numerous other institutions of higher education (collectively "Schools") to collect unpaid tuition charges from students of those institutions of higher education. Many of those students were contacted by the Defendants in connection with the Defendants' debt collection activities and are intended to be included in the class of Plaintiff hereinafter defined.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391b(1) and (2) because all defendants reside in the Commonwealth of Pennsylvania and this judicial

district is where a substantial part of the events or omissions giving rise to the claim occurred.

## CLASS ACTION ALLEGATIONS

8. Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(1), (2) and (3) on behalf of:

> All past and present individuals who owe tuition and tuition loans institutions of higher who have received collection letters from Gordin & Berger, P.C. and or Edward L. Berger, Esquire in connection with those claims and liens which violate the Fair Debt Collection Practices Act. (Hereafter the "Class Plaintiffs")

9. The Class Plaintiffs are so numerous as to make it impractical to bring all eligible members of the class before the Court. It is believed that there are over 1,000 tuition claims and liens that were assessed and/or collected by the Defendant. In many instances the Class Plaintiffs are unaware that claims against the Defendants may exist on their behalf.

10. Multiple common questions of law and fact affect the rights of each member of the Class including but not limited to those arising under the *Fair Debt Collection Practices Act* and include:

    A. Defendants' false representations in the demand letters sent by the Defendants to the Plaintiff.

3

  B. Defendants' false statements are in violation of the *Fair Debt Collection Practices Act of 1978* and applicable Pennsylvania state law.

  C. Defendants' provision of demands which contradict or overshadow the validation notice required by the *Fair Debt Collection Practices Act of 1978;*

  D. Defendants' failure to locate the validation notice required by the *Fair Debt Collection Practices Act of 1978* so that it will not induce a debtor to overlook his or their statutory right to dispute the debt Defendants are attempting to collect;

11. The claims of the individually named Plaintiff are typical of the claims of all of the Class Plaintiffs arising from the illegal collection by Defendants of debts, certain costs, interest, and other charges in connection with the collection of delinquent tuition charges owed to Schools.

12. The individually named Plaintiff will assure the fair and adequate representation of all members of the class, and have no conflict with other class members in the maintenance of this action. Plaintiff's interests in this action are antagonistic to the interests of the Defendants and are identical to the interests to the Class Plaintiffs. Plaintiff is aware that she cannot settle this class action without Court approval and will vigorously pursue the class claims throughout the course of this litigation.

13. Plaintiff will also assure the fair and adequate representation of the class by having retained an attorney are experienced in federal litigation, litigation of

claims with multiple Plaintiff and/or class action litigation brought and successfully concluded within the Eastern District of Pennsylvania.

14. If pursued as an individual claim, this action could substantially affect the rights of similarly situated property owners who might pursue their claims, and Defendants might then be confronted with inconsistent or varying adjudications.

15. Because the conduct of Defendants alleged herein is generally applicable to all of the Class Plaintiffs, declaratory and injunctive relief sought herein is appropriate.

16. A class action is a superior method to adjudicate this controversy because the claims of the class members are virtually identical in that they raise the same questions of law and require the same kind of evidentiary proof. The common questions of law and fact clearly predominate over individual issues and facts.

17. Because individual claims will generally be too small to justify individual actions by potential class members, an individual will likely have little interest in individually controlling the prosecution of this case.

18. There are no unusual legal or factual issues, which would create manageability problems. Individual factual issues as to the measure of damages are subject to documentary proof, which in most, if not all, cases is in the possession of Defendants.

## SUBSTANTIVE ALLEGATIONS

19. Plaintiff Abatan failed to pay tuition charges owed to Rutgers University.

20. On May 2, 2019 the Defendants mailed a demand for payment ("Defendants' Collection Letter").

21. The Collection Letter states that if the recipient "would like to avoid litigation, please contact the undersigned within thirty (30) days from your receipt of this letter to discuss a reasonable repayment schedule."

22. The Collection Letter states "[p]lease be advised that if suit is intuited, you may incur additional charges to what you owe on the above referenced account."

23. The least sophisticated debtor might get the impression that litigation would be imminent if he or she did not immediately respond to the Collection Letter; in addition, in consideration of the letter's reference "Rutgers, the State University of New Jersey, v. Oreoluwapo, Abatan" it is reasonable to conclude that litigation had already been commenced.

24. The Collection Letter's statement that if the Plaintiff or Class Plaintiffs agrees to a "reasonable repayment schedule" contradicts Defendants' representation that such payment will "avoid…collection costs."

25. With the exception of a notice that the Defendants' are "attempting to collect a debt and any information obtained will be used for that purpose" (hereafter "Debt Collector Notice"), the Defendants' Collection Letter appears to be written in 12 point Times Roman Font and written in normal paragraph case.

26. Above the signature of Defendant Berger is an indication of an "Enclosure" accompanying Defendants' Collection Letter; a hyphen and the phrase "Important Notice #1" follows the word "Enclosure."

27. Enclosed with Defendants' Collection Letter is a document entitled "IMPORTANT NOTICE" which purports to be a validation notice required by the FDCPA.

28. Letters similar to that sent to the Plaintiff are utilized by the Defendants in their debt collection practices for all Schools for which GB has been retained and have then sent the same or similar letter to all Class Plaintiffs who owe delinquent tuition debts to those Schools.

29. The alleged debt of Plaintiff claimed to be due by Defendants was incurred for personal, family, or household services, specifically, for tuition.

30. Plaintiff believes that correspondence similar to the all of the letters sent to the Plaintiff are routinely sent by Defendants to debtors including the Class Plaintiff after a claim for delinquent tuition is owed to Schools.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT OF 1978

31. Plaintiff incorporate by reference paragraphs 1 through 31 as though fully set forth herein.

32. The claims and/or liens for delinquent tuition charges and attorney fees, which were sent to the Plaintiff for collection, comprise a "debt" within the meaning of 15 U.S.C. §1692a(5).

33. Defendants are a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

34. The Defendants violated 15 U.S.C. §1692e(11) because they failed to effectively disclose to Plaintiff in the initial written communication or initial oral communication that the Defendants are a debt collector attempting to collect a debt and that any information obtained by them will be used for that purpose.

35. The activities of the Defendants violate the provisions of 15 U.S.C. §1692f(1).

36. The Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants.

37. The Defendants violated 15 U.S.C. § 1692g by making a threat of suit, legal action or the imposition of additional charges (and not detailing those charges) during the debt validation request period in a manner that overshadowed the notice of validation rights and created confusion for a least sophisticated consumer about his rights.

38. The Defendants violated 15 U.S.C. § 1692g(3) by failing to effectively provide a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

39. The Defendants violated 15 U.S.C. § 1692g(3) when they created the reasonable probability that the least sophisticated debtor would be induced to overlook his or her statutory right to dispute the debt within thirty days or be confused when overshadowed the notice of validation rights and created confusion for a least sophisticated consumer about his rights when the purported notice of validation was set forth on a separate sheet of paper, no specific reference was made to the purported notice of validation in the body of the first page of the Defendants Collection Letter and only vague reference was made to the purported validation notice with the words "Important Notice" was set forth next to the word "Enclosure."

40. The Defendants violated 15 U.S.C. § 1692g(3) by failing to effectively provide a statement that if the consumer notifies the debt collector in writing within the

thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

41. The Defendants violated 15 U.S.C. § 1692g(3) by failing to effectively provide a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42. Defendants are liable to the Plaintiff, and to the Class Plaintiffs for damages under 15 U.S.C. §1692k, including also without limitation costs and attorney's fees.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated Class Plaintiffs respectfully request that this Court:

(1) Enter a declaratory judgment:

    a. that declares this action to be a Plaintiff class action properly maintained pursuant to Rules 23(a), and Rules 23(b)(1),(2)and(3) the Federal Rules of Civil Procedure; and

    b. that declares that the representations in the letters sent by the Defendants to class members are false;

    c. that Defendants failed to provide all statements required to be provided by debt collectors pursuant to the *Fair Debt Collection Practices Act of 1978*;

9

    d.    Defendants statements violated the *Fair Debt Collection Practices Act of 1978* and

    e.    That defendants' statements violate the provisions of the *Fair Credit Extension Uniformity Act,* 73 P.S. § 2270 et seq.

(2) Award statutory damages as required by 15 U.S.C. §1692k (*Fair Debt Collection Practices Act of 1978*),

(3) Order an accounting by Defendants to determine exactly what costs, interest, penalties, and other charges they have assessed, billed and collected; and

(4) Award damages to the Plaintiff and Class Plaintiffs equal to the amounts determined to have been unlawfully collected by Defendants ; and

(5) Enter judgment in favor of the Plaintiff and the Class Plaintiffs and against Defendants for all amounts that they have unlawfully collected; and

(6) Order the Defendants to pay Plaintiff' and Class Plaintiffs' attorney's fees, costs, expenses and

(7) Grant such further relief as this Court deems proper.

## COUNT II

### VIOLATION OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

43. Plaintiff incorporate by reference paragraphs 1 through 44 as though fully set forth herein.

44. The Defendants Violated the *Fair Credit Extension Uniformity Act*, 73 P.S. § 2270 et seq. (the "Pennsylvania Act") which proscribes illegal, unfair or deceptive acts or practices by debt collectors as set forth hereinabove.

45. The Defendants violated the Pennsylvania Act when they violated the provisions of the *Fair Debt Collection Practices* Act (Public Law 95-109, 15 U.S.C. § 1692 et seq.)

46. The Defendants' acts as were done intentionally with the purpose of coercing Plaintiff to pay the alleged debts.

47. As a result of the above violations of the state Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff request that this Court:

(1) Enter a declaratory judgment that the statements contained in the Defendants' letters to the Plaintiff and the Class Plaintiffs violate the provisions of the *Fair Credit Extension Uniformity Act,* 73 P.S. § 2270 et seq.;

(2) Award statutory damages as required by the Pennsylvania Act including those required by the *Unfair Trade Practices and Consumer Protection Law*, 73 P.S. § 201 which include treble damages and attorney fees;

(3) Order an accounting by Defendants to determine exactly what costs, interest, penalties, and other charges they have assessed, billed and collected; and

(4) Award damages to the Plaintiff and Class Plaintiffs equal to the amounts determined to have been unlawfully collected by Defendants ; and

(5) Enter judgment in favor of the Plaintiff and the Class Plaintiffs and against Defendants for all amounts that they have unlawfully collected; and

(6) Order the Defendants to pay Plaintiff' and Class Plaintiffs' attorney's fees, costs, expenses and

(7) Grant such further relief as this Court deems proper.

                                Respectfully submitted:

                                /s/ RICHARD N LIPOW (RNL3966)

                                By/s/ _____

                                RICHARD N. LIPOW, ESQUIRE
                                629 Swedesford Road
                                Swedesford Corporate Center
                                Malvern, Pennsylvania 19355
                                (610) 251-2500

                                Attorneys for Plaintiff